UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HELMUT and MICHELE STEINER,   No. 09-11582

                Debtor(s).
_____/

TIMOTHY HOFFMAN, Trustee,

                Plaintiff(s),

    v.   A.P. No. 09-1098

HELMUT and MICHELE STEINER,

                Defendant(s).
_____/

Memorandum After Trial
_____

      In this adversary proceeding, plaintiff Timothy Hoffman, the Chapter 7 trustee, seeks to deny the discharge of debtors and defendants Helmut and Michele Steiner. Hoffman alleges that the Steiners intentionally concealed the existence of Michele Steiner's interest in 17 acres of land in County Galway, Ireland, by failing to schedule the interest as an asset. Hoffman alleges that the Steiners concealed the asset from him with intent to defraud their bankruptcy estate and knowingly and fraudulently made a false oath, so that their discharge should be denied pursuant to sections 727(a)(2) and 727(a)(4) of the Bankruptcy Code.

      The court begins by noting that while Hoffman seems convinced there is a pot of gold at the end of the Irish rainbow, the court is far less certain. The property was owned by Michele Steiner's

1

great grandfather, Michael Cosgrove, who died in 1955. The property is still in probate, and has been in litigation for decades with squatters. No family member has seen a penny from the property, and they have paid tens of thousands of euros attempting to clear its title. The whole situation seems like Jarndyce v. Jarndyce from Dickens' *Bleak House*, with the American cousins of the clan Cosgrove providing entertainment and subsidy for local Irish folk and their solicitors. The half-century-old Irish probate will have to be terminated and the estate distributed first to the estate of Michael's widow, who died in 1978, and then to the estate of Michele Steiner's mother, Ann Ward Brown, who died intestate in 2002, and then to Brown's two daughters, one of whom is Michele Steiner.

While there is little doubt that the interest in the property, no matter how remote, should have been scheduled, the court cannot find any intent to defraud. First, the Steiners had a good faith belief that the property was to skip their generation and go to their children based on both oral statements of Brown and a writing she had made in 1991. Second, Michele and her sister, Paula Caplice, had become bitter enemies over money. Paula Caplice was the Steiners' largest creditor and had a lawsuit pending against them when they filed their Chapter 7 petition. The court finds it impossible to infer fraudulent intent from the Steiners' behavior because Paula Caplice obviously knew all about the property in Ireland. There is no point to intentionally withholding the existence of an asset from the bankruptcy trustee when one's most aggressive creditor knows all about it.

For the foregoing reasons, Hoffman shall take nothing by his complaint and this adversary proceeding will be dismissed with prejudice. The Steiners shall recover their costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for the Steiners shall submit an appropriate form of judgment forthwith.

Dated: June 8, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

2